O. Andrew Wheaton (# 151811)
  awheaton@afrct.com
Yaw-Jiun (Gene) Wu (# 228240)
  gwu@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel:  (626) 535-1900 | Fax:  (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger with Wells Fargo
Bank Southwest, N.A., f/k/a
Wachovia Mortgage, FSB, f/k/a
World Savings Bank, FSB ("Wells
Fargo")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE A. BLASH, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>WELLS FARGO BANK, a financial institution, and DOES 1 to 100, inclusive,<br><br>                Defendants. | CASE NO.: 8:14-cv-02069-CJC (RNBx)<br><br>DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:   March 2, 2015[1]<br>Time:   1:30 p.m.<br>Ctrm.:  9B<br><br>[Assigned to the Hon. Cormac J. Carney] |

TO PLAINTIFF JOE A. BLASH AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 2, 2015, at 1:30 p.m. in Courtroom 9B of the above-entitled Court located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable Cormac J. Carney presiding, defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A.,

---

[1]       In light of the Notice of Reassignment (Document 8), Wells Fargo's motion to dismiss (Document 5) is hereby being refiled.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB ("Wells Fargo")

2  will and hereby does move the Court to dismiss plaintiff Joe A. Blash's First

3  Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the

4  grounds that the amended complaint fails to state a claim upon which relief can be

5  granted, specifically:

6       1.    First Claim for Relief: To Cancel Notice of Default.

7       Plaintiff failed to state a claim for relief because: (i) the statutory cause of

8  action was not pled with particularity; (ii) judicially noticeable documents establish

9  that Wells Fargo complied with the former California Civil Code § 2923.5; and

10  (iii) plaintiff was not prejudiced by the alleged statutory violation.

11       2.    Second Claim for Relief: Violation of California Business and

12  Professions Code § 17200.

13       Plaintiff failed to state a claim for relief because: (i) plaintiff failed to plead

14  particular facts showing ongoing unlawful, unfair, and fraudulent business acts;

15  and (ii) plaintiff lacks standing because he failed to plead injury in fact or that he

16  lost money or property resulting from any actions/inactions in violation of the

17  Unfair Competition Law.

18       3    Third Claim for Relief: Breach of the Implied Covenant of Good Faith

19  and Fair Dealing.

20       Plaintiff failed to state a claim for relief because the implied covenant cannot

21  modify the parties' contractual obligations.

22       4.    Fourth Claim for Relief: Violation of California Civil Code §

23  2923.6.

24       Plaintiff failed to state a claim for relief because there is no right to a loan

25  modification under California Civil Code § 2923.6(a).

26       5.    Fifth Claim for Relief: Violation of California Civil Code § 2923.5.

27       Plaintiff failed to state a claim for relief because: (i) the statutory cause of

28  action was not pled with particularity; (ii) judicially noticeable documents establish

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   that Wells Fargo complied with the former California Civil Code § 2923.5; and

2   (iii) plaintiff was not prejudiced by the alleged statutory violation.

3       6.      Sixth Claim for Relief: Violation of the California Rosenthal Fair

4   Debt Collection Practices Act (Cal. Civ. Code § 1788, *et seq.*)

5       Plaintiff fails to state a claim for relief because: (i) Wells Fargo is not a debt

6   collector; and (ii) foreclosing on a property pursuant to a deed of trust is not the

7   collection of a debt within the meaning of the California Rosenthal Fair Debt

8   Collection Practices Act.

9       7.      Seventh Claim for Relief: Violation of the Fair Debt Collection

10  Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*

11      Plaintiff fails to state a claim for relief because: (i) Wells Fargo is not a

12  debt collector; (ii) foreclosing on property pursuant to a deed of trust is not the

13  collection of debt under the Fair Debt Collection Practices Act; and (iii) plaintiff

14  failed to allege any inaccuracies reported by Wells Fargo to a consumer reporting

15  agency.

16      8.      Eighth Claim for Relief: Violation of the California Consumer

17  Reporting Agency Act

18      Plaintiff fails to state a claim for relief because: (i) plaintiff failed to allege

19  any inaccuracies reported by Wells Fargo to a consumer reporting agency; and (ii)

20  to the extent the claim is premised on California Civil Code § 1785.25(c), the state

21  law claim is preempted by federal law.

22      This motion is based on this notice of motion, Memorandum of Points and

23  Authorities, Request for Judicial Notice, the Court's records in this matter, the

24  arguments of the parties and counsel, and other evidence and argument that may be

25  presented prior to the Court's decision on the motion.

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1     **Compliance with Local Rule 7-3.**  This motion is made following a

2  conference of counsel pursuant to L. R. 7-3 which took place on January 5, 2015 at

3  approximately 1:30 p.m. (PST).  That conference failed to yield a resolution of the

4  issues in dispute.

5

6                                    Respectfully submitted,

7  Dated:  January 8, 2015          ANGLIN, FLEWELLING, RASMUSSEN,
                                    CAMPBELL & TRYTTEN LLP
8

9

10                                 By: _____/s/ O. Andrew Wheaton_____
                                       O. Andrew Wheaton
11                                 Attorneys for Defendant
                                   WELLS FARGO BANK, N.A., successor
12                                 by merger with Wells Fargo Bank
                                   Southwest, N.A., f/k/a Wachovia Mortgage,
13                                 FSB, f/k/a World Savings Bank, FSB
                                   ("Wells Fargo")
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# <u>TABLE OF CONTENTS</u>

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

1.   INTRODUCTION ............................................................................................ 1

2.   SUMMARY OF THE COMPLAINT AND JUDICIALLY
     NOTICEABLE DOCUMENTS ...................................................................... 2

     A.   The Loan. ............................................................................................ 2

     B.   Plaintiff's Professed Financial Problems and His Default. .................. 2

     C.   Plaintiff's Chapter 13 Bankruptcy Petition. ....................................... 3

     D.   The Initial Complaint. ........................................................................ 3

     E.   Plaintiff's Voluntary Amendment. ...................................................... 4

3.   LEGAL STANDARD ..................................................................................... 4

4.   PLAINTIFF'S FIRST AND FIFTH CLAIMS FOR RELIEF FAIL AS
     A MATTER OF LAW ..................................................................................... 5

     A.   Plaintiff's Generic And Contradictory Allegations Are
          Insufficient. ........................................................................................ 5

     B.   Plaintiff's Allegations Are Belied By The Judicially Noticeable
          Documents. ......................................................................................... 6

     C.   Plaintiff Was Not Prejudiced By The Alleged Violation. .................... 7

5.   PLAINTIFF'S 17200 CLAIM IS NOT LINKED TO ANY
     WRONGFUL CONDUCT ............................................................................... 8

     A.   Plaintiff Failed To Plead The Required Elements. ............................... 8

     B.   Plaintiff Lack Standing To Assert An Unfair Competition
          Claim. ................................................................................................. 9

6.   THE IMPLIED COVENANT CANNOT MODIFY THE PARTIES'
     CONTRACTUAL TERMS ............................................................................ 10

     A.   The Implied Covenant Cannot Vary the Parties' Agreement Or
          Create New Terms. ........................................................................... 10

7.   PLAINTIFF'S FOURTH CLAIM FOR RELIEF MUST FALL
     BECAUSE THERE IS NO RIGHT TO A LOAN MODIFICATION
     UNDER CALIFORNIA CIVIL CODE §2923.6 ............................................ 11

8.   PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF THE
     CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION

PRACTICES ACT FAILS BECAUSE FORECLOSING ON A MORTGAGE IS NOT THE COLLECTION OF A DEBT ......................... 12

9.   THE FAIR DEBT COLLECTION PRACTICES ACT CLAIM FAILS BECAUSE WELLS FARGO IS NOT A DEBT COLLECTOR AND PLAINTIFF DEFAULTED ON THE LOAN ............................................... 12

    A.   Wells Fargo is not a debt collector. .................................... 12

    B.   Plaintiff defaulted on the loan. ........................................... 13

10.  THE COURT SHOULD DISMISS THE EIGHTH CLAIM BECAUSE PLAINTIFF FAILS TO ALLEGE THAT WELLS FARGO KNOWINGLY REPORTED INCOMPLETE OR INACCURATE INFORMATION AND THE CLAIM IS PREEMPTED BY FEDERAL LAW ...................................................... 14

11.  CONCLUSION ............................................................................. 15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ................................4, 5

*Cabanillas v. Wachovia Mortg.*,
2012 U.S. Dist. LEXIS 39270 (C.D. Cal. March 20, 2012) ................................6

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. Cal. 2010) .................................................15

*Duenas v. Nordstrom FSB*,
2012 U.S. Dist. LEXIS 149491 ...................................................15

*Farner v. Countrywide Home Loans*,
2009 U.S. Dist. LEXIS 5303 (S.D. Cal. Jan. 26, 2009) ....................................11

*Hoffman v. Bank of America, N.A.*,
2010 U.S. Dist. LEXIS 70455 (N.D. Cal., June 30, 2010) ................................11

*Hulse v. Ocwen Fed. Bank, FSB*,
195 F.Supp.2d 1188 (D. Or. 2002) .................................................13

*Ines v. Countrywide Home Loans*,
2008 U.S. Dist. LEXIS 88739 (S.D. Cal. Nov. 3, 2008) ................................13

*Ines v. Countrywide Home Loans, Inc.*,
2009 U.S. Dist. LEXIS 21016 (S.D. Cal. Mar. 12, 2009)................................12

*Izenberg v. ETS Services, LLC*,
589 F.Supp.2d 1193 (C.D. Cal. 2008)..........................................12, 13

*Jelsing v. MIT Lending*,
2010 U.S. Dist. Lexis 68515 .....................................................13

*Juarez v. Wells Fargo Bank, N.A.*,
2009 U.S. Dist. LEXIS 110892 (C.D. Cal. Nov. 11, 2009)................................7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Kamp v. Aurora Loan Services*,
   2009 U.S. Dist. LEXIS 95245 (C.D. Cal. Oct. 1, 2009) ....................................... 7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................................... 9

*Kilcullen v. Select Portfolio Servicing, Inc.*,
   2012 U.S. Dist. LEXIS 66478 (S.D. Cal. May 9, 2012) ..................................... 14

*Lal v. Am. Home Servicing, Inc.*,
   680 F.Supp.2d 1218 (E.D. Cal. 2010) ................................................................. 12

*Martinez v. Welk Group, Inc.*,
   2011 U.S. Dist. LEXIS 58718 (S.D. Cal. June 2, 2011) ...................................... 9

*Melegrito v. CitiMortgage Inc.*,
   2011 U.S. Dist. LEXIS 60447 (N.D. Cal. June 6, 2011) ...................................... 8

*Mora v. U.S. Bank N.A.*,
   2012 U.S. Dist. LEXIS 79357 (N.D. Cal. June 7, 2012) ...................................... 7

*Newman v. Bank of N.Y. Mellon*,
   2013 U.S. Dist. LEXIS ......................................................................................... 6

*Newman v. Bank of N.Y. Mellon*,
   2013 U.S. Dist. LEXIS 52487 (E.D. Cal. Apr. 10, 2013) ................................... 6

*Nool v. Homeq Servicing*,
   653 F.Supp.2d 1047 (E.D. Cal. 2009) ................................................................. 12

*O'Connor v. Wells Fargo, N.A.*,
   2014 U.S. Dist. LEXIS 136451 (N.D. Cal. Sept. 26, 2014) ............................... 14

*Ricon v. Recontrust Co.*,
   2009 U.S. Dist. LEXIS 67807 (S.D. Cal. Aug. 4, 2009) ................................... 13

*Rowe v. Educ. Credit Mgmt. Corp.*,
   559 F.3d 1028 (9th Cir. 2009) ............................................................................. 13

*Valdez v. America's Wholesale Lender*,
   2009 U.S. Dist. LEXIS 118241, at ** 25-26 (N.D. Cal. Dec. 18, 2009) ........... 12

*Villa v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 23741 ............................................................................. 11

*Wang v. Asset Acceptance, LLC*,
    681 F.Supp.2d 1143 (N.D. Cal. 2010) ............................................................ 15

**STATE CASES**

*Carma Developers, Inc. v. Marathon Development California, Inc.*,
    2 Cal. 4th 342 (1992) .................................................................................. 10

*Carter v. Prime Healthcare Paradise Valley LLC*,
    198 Cal. App. 4th 396 (2011) ........................................................................ 5

*Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) .............................................................................. 8, 9

*Daro v. Superior Court*,
    151 Cal. App. 4th 1079 (2007) ...................................................................... 9

*Hall v. Time, Inc.*,
    158 Cal. App. 4th 847 (2008) ........................................................................ 9

*Ingels v. Westwood One Broadcasting Servs., Inc.*,
    129 Cal. App. 4th 1050 (2005) ...................................................................... 8

*Khoury v. Maly's of Cal., Inc.*,
    14 Cal. App. 4th 612 (1993) .......................................................................... 8

*Knapp v. Doherty*,
    123 Cal. App. 4th 76 (2004) .......................................................................... 7

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ................................................................................ 8

*Mabry v. Superior Court*,
    185 Cal. App. 4th 208 (2010) ...................................................................... 11

*Saunders v. Superior Court*,
    27 Cal. App. 4th 832 (1994) .......................................................................... 9

*State Farm Mutual Automobile Ins. Co. v. Superior Court*,
    114 Cal. App. 4th 434 (2003) ...................................................................... 10

*Viko Ins. Services, Inc. v. Ohio Indemnity Co.*,
    70 Cal. App. 4th 55 (1999) .......................................................................... 10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**FEDERAL STATUTES**

15 U.S.C. § 1692a(6) .................................................................................. 12

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................... 8, 9

Cal. Civ. Code § 1785.25(a) ..................................................................... 14, 15

Cal. Civ. Code §§ 1785.25(a)-(c) and (f) ...................................................... 14

Cal. Civ. Code §§ 1785.25(g) and 1785.31 .................................................... 15

Cal. Civ. Code § 1985.25 ......................................................................... 8, 9

Cal. Civ. Code § 2923.4 ............................................................................ 11

Cal. Civ. Code § 2923.5 ....................................................................... passim

Cal. Civ. Code § 2923.6(a) ..................................................................... 3, 11

Cal. Civ. Code Code § 1788.17 ............................................................. passim

**RULES**

Fed. R. Civ. P. 9(b) ................................................................................... 9

Fed. R. Civ. P. 12(b)(6) .............................................................................. 4

**OTHER AUTHORITIES**

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This action arises out of a secured loan made by World Savings Bank, FSB ("World Savings") to plaintiff Joe A. Blash to finance the purchase of a Dana Point home.  As conceded in his *initial* complaint, beginning in 2008, plaintiff "suffered severe economic hardships," which motivated him to seek a loan modification. (Complaint, ("Compl."), ¶¶ 17 and 18.)

In his generic and often contradictory *amended* charging pleading, plaintiff's predominant grievances are that Wells Fargo Bank, N.A. ("Wells Fargo"), as World Savings' successor, violated the California Homeowner Bill of Rights ("HBOR") and the former California Civil Code § 2923.5 by: (a) denying his request for a loan modification; and (b) recording a Notice of Default prior to contacting him to access his financial situation.  Plaintiff also contends that by reporting his default on the loan, Wells Fargo engaged in unfair collection practices.

Despite the length of plaintiff's amended charge, his amended complaint is nothing more than a generic yarn, which summarizes the former California Civil Code § 2923.5, HBOR, federal and state debt collection laws and, without any supporting factual allegations, concludes that Wells Fargo actions/inactions are actionable.

As briefed below, the most benevolent reading of plaintiff's charging pleading will lead to the conclusion that he has not and cannot state any viable claims for relief.  Accordingly, Wells Fargo requests that the Court grant this motion to dismiss, in its entirety, without leave to amend.

/ / /

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 2.  SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

**A.**  **The Loan.**

On July 21, 2006, plaintiff borrowed $535,000 from World Savings secured by a deed of trust recorded against the real property and improvements commonly known as 34053 Formosa Drive, Dana Point, California 92629 (the "Property"). (Request for Judicial Notice ("RJN"), as Ex. A.)

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  It subsequently changed its name to Wells Fargo Bank Southwest, N.A., and, in November 2009, merged into Wells Fargo Bank, N.A. (RJN, Exs. B, C, D and E are true and correct copies of: (i) a Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the Treasury ("OTS"), (ii) a letter dated November 19, 2007, on the letterhead of the OTS authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB, (iii) the Charter of Wachovia Mortgage, FSB, dated December 31, 2007 signed by the OTS, and (iv) an Official Certification of the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.)

**B.**  **Plaintiff's Professed Financial Problems and His Default.**

According to plaintiff, "[i]n or around 2008, the Plaintiff suffered severe economic hardships due to the ill effects of the great recession and his income was drastically cut due to a severe loss of revenue from his business ventures." (Compl., ¶ 17.)[2]  Plaintiff further conceded that, in an effort to qualify for a loan modification, he defaulted on the loan. (Compl., ¶ 48.)

[2]  This admission was jettisoned from the FAC.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   As a result of plaintiff's admitted default, on February 16, 2012, a Notice of

2   Default was recorded. (RJN, Ex. F.)  The Notice of Default advised plaintiff that as

3   of February 15, 2012, the sum of $13,492.80 was overdue.  On August 17, 2012, a

4   Notice of Trustee's Sale was recorded, which advised plaintiff that unless he

5   undertook efforts to protect the Property, it could be sold at public auction on

6   September 7, 2012. (RJN, Ex. G.)  As a result of plaintiff's bankruptcy petition

7   addressed in the following section, the trustee's sale did not take place as

8   scheduled.

9   **C.   Plaintiff's Chapter 13 Bankruptcy Petition.**

10   On September 5, 2013, plaintiff filed for protection pursuant to Chapter 13

11   of the United States Bankruptcy Code. (RJN, Ex. H.)  Julie Moradi-Lopes – his

12   current attorney of record – served as plaintiff's bankruptcy counsel.

13   On September 19, 2013, plaintiff filed a proposed Chapter 13 plan. (RJN,

14   Ex. I.)  In his proposed plan, plaintiff acknowledged mortgage arrearages in the

15   sizeable sum of $58,500. (*Id*., p. 5.)

16   On November 13, 2013, plaintiff filed an amended proposed Chapter 13

17   plan. (RJN, Ex. J.)  In his amended plan, once again, plaintiff acknowledged

18   mortgage arrearages. (*Id*., p. 5.)  On February 14, 2014, plaintiff's Chapter 13 case

19   was dismissed based on his failure to file certain bankruptcy schedules. (RJN, Ex.

20   K.)

21   **D.   The Initial Complaint.**

22   On September 24, 2014, plaintiff commenced the current action in the

23   Superior Court.  In his charging pleading, plaintiff alleged that Wells Fargo

24   violated California Civil Code § 2923.6(a) by refusing to modify his loan.  Plaintiff

25   also generically and contradictorily alleged that the Notice of Default was

26   improper because he was not contacted prior to the recordation.[3]

27   _____

28   [3]   On the one hand, plaintiff alleged that the Notice of Default was not
supported by a declaration of due diligence. (Compl., p. 9:6-7.)  However, the

**E.** <u>**Plaintiff's Voluntary Amendment.**</u>

On October 27, 2014, Wells Fargo noticed a hearing on its demurrer to the initial complaint, which was scheduled to be heard on December 3, 2014.  On the day that the demurrer was scheduled to be heard, plaintiff filed and improperly served the First Amended Complaint (the "FAC").[4]  Based on the addition of a claim based on federal law, Wells Fargo removed the case to this Honorable Court.

In the FAC, in an effort to bolster the causes of action alleged in this initial charge, plaintiff conspicuously jettisoned some of his admissions.  Also, apparently recognizing the frailties of his initial claims for relief, plaintiff amended his complaint to assert claims based on improper debt collection practices.  In particular, plaintiff contends that the recordation of the Notice of Default was improper and, as a result, he suffered harm to his credit.  However, judicially noticeable documents establish that Wells Fargo complied with the former California Civil Code § 2923.5 and plaintiff conceded in his bankruptcy filings that he defaulted on his loan.

As briefed below, even the most optimistic and benevolent analysis of the FAC will lead to the conclusion that none of plaintiff's claims for relief have merit.

**3.** <u>**LEGAL STANDARD**</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted.  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127

_____

Notice of Default was supported by a declaration of compliance, which confirmed that plaintiff was contacted. (RJN, Ex. F.)  Plaintiff did not allege that the declaration of compliance was false.

[4]   The FAC does not contain a proof of service.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   S. Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise

2   a right to relief above the speculative level on the assumption that all of the

3   complaint's allegations are true." *Id.*; *see also, Ashcroft v. Iqbal*, 556 U.S. 662, 663

4   (2009) (a claim has "facial plausibility" if the plaintiff pleads facts that "allow []

5   the court to draw the reasonable inference that the defendant is liable for the

6   misconduct alleged.")

7   **4.   PLAINTIFF'S FIRST AND FIFTH CLAIMS FOR RELIEF FAIL AS A**

8   **MATTER OF LAW**

9        By way of his first and fifth claims for relief, plaintiff ostensibly alleges that

10   Wells Fargo violated the former California Civil Code § 2923.5. (FAC, ¶¶ 20 and

11   62.) Instead of clearly articulating an alleged statutory violation, plaintiff's charge

12   is nothing more than a generic yarn which summarizes the former California Civil

13   Code § 2923.5 and concludes that Wells Fargo violated Section 2923.5.

14   **A.   Plaintiff's Generic And Contradictory Allegations Are Insufficient.**

15        In his charging pleading, plaintiff devotes a considerable amount of effort

16   discussing the former California Civil Code § 2923.5. (FAC, ¶¶ 54-61.) After that

17   generic discussion, *inter alia*, plaintiff alleged that Wells Fargo violated the

18   controlling statute "when Defendant filed their [sic] Notice of Default for the

19   Subject Property without first contacting Plaintiff to advise them [sic] of their [sic]

20   rights to request a subsequent meeting . . . and to provide Plaintiff with a toll free

21   number to find a HUD-certified housing counseling agency." (FAC, ¶ 62.)

22   Plaintiff also alleges that the Notice of Default was recorded "without filing the

23   required declaration stating that they contacted Plaintiff and conducted their 'due

24   diligence.'" (FAC, ¶ 64.)

25        Contrary to plaintiff's allegation, the Notice of Default was supported by a

26   declaration of compliance. (RJN, Ex. G.) Given the total disconnect between

27   plaintiff's allegations and his supporting evidence, it is clear that plaintiff's claims

28   are boilerplate and unfounded. *See, Carter v. Prime Healthcare Paradise Valley*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*LLC,* 198 Cal. App. 4th 396, 410 (2011)("[W]here, as here, statutory remedies are invoked, the facts 'must be pleaded with particularity.'").  In *Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 52487 (E.D. Cal. Apr. 10, 2013), the district court sustained a lender's challenge to a generic allegation of a violation of the former California Civil Code § 2923.5.

Here, the § 2923.5 allegation is a mere legal conclusion that amounts to no more than "Defendants violated the statute." Additional facts are needed.  In order to plead a violation of § 2923.5, a plaintiff should include allegations that: (1) he did not receive mail or telephone calls from the mortgage servicer/lender regarding assessing his financial situation and exploring alternatives to foreclosure; (2) he was not purposefully avoiding corresponding with the mortgage servicer/lender, and; (3) he could have been contacted if due diligence had been exercised.

*Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS at ** 31-32.

Consistent with the holding in *Newman*, plaintiff should be required to specifically allege why he believes Wells Fargo violated Section 2923.5, as opposed to simply concluding that a violation occurred.

**B.** **Plaintiff's Allegations Are Belied By The Judicially Noticeable Documents.**

The former California Civil Code § 2923.5 did not mandate contact: lenders were required to contact or try to contact a borrower to assess his financial condition and explore ways to avoid foreclosure.  As indicated above, the declaration of compliance attached to the Notice of Default, indicates that plaintiff was contacted prior to recordation and establishes Wells Fargo's compliance. *See*, *Cabanillas v. Wachovia Mortg.*, 2012 U.S. Dist. LEXIS 39270, at * 13 (C.D. Cal. March 20, 2012) ("[t]his declaration is sufficient to establish that [Wells Fargo] has met its obligations under § 2923.5.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Measured against Wells Fargo's declaration, signed under penalty of

2    perjury, plaintiff's conclusory and contradictory allegations fail. *Kamp v. Aurora*

3    *Loan Services,* 2009 U.S. Dist. LEXIS 95245, at * 6 (C.D. Cal. Oct. 1, 2009)

4    ("Plaintiffs conclusory assertions are contradicted by the notice of default attached

5    as Exhibit A, which includes the declaration required by section 2923.5"); *Juarez*

6    *v. Wells Fargo Bank, N.A.,* 2009 U.S. Dist. LEXIS 110892, at *2 (C.D. Cal. Nov.

7    11, 2009) (Holding that the declaration attached to the notice of default shows that

8    Wells Fargo did comply with Civil Code section 2923.5).

9    **C.    Plaintiff Was Not Prejudiced By The Alleged Violation.**

10    In the FAC, plaintiff concedes that he submitted a loan modification

11    application to Wells Fargo. (FAC, ¶¶ 11.)  In fact, the fourth claim for relief is

12    premised on Wells Fargo's rejection of the application.  According to plaintiff,

13    "modifying Plaintiff's loan would have been in the best interests of all parties as

14    both prongs of the test were met by Plaintiff's financials submitted to Defendant in

15    their [sic] home loan modification packet." (FAC, ¶ 50.)  Accordingly, plaintiff's

16    contention that as a result of the alleged violation of the former California Civil

17    Code § 2923.5 he was been denied the opportunity to pursue foreclosure

18    prevention alternatives is simply a yarn, which is not supported by the facts.

19    In his proposed Chapter 13 plans, plaintiff conceded that he defaulted on the

20    loan. (RJN, Exs. I and J.)  Since plaintiff does not dispute the validity of his debt,

21    his default on the loan and that he has been actively pursuing foreclosure

22    prevention alternatives with Wells Fargo, he suffered no harm and his claims are

23    nothing more than a formulaic plea. *See, Mora v. U.S. Bank N.A.*, 2012 U.S. Dist.

24    LEXIS 79357, at * 11 (N.D. Cal. June 7, 2012)("The Court determines that

25    Plaintiffs' blanket denials of contact from Defendants are nothing more than

26    'formulaic recitation[s] of the elements of a cause of action' — in this case, a

27    Section 2923.5 claim."); *Knapp v. Doherty*, 123 Cal. App. 4th 76, 93 (2004)(absent

28    any resulting prejudice, slight statutory deviations are insufficient to invalidate a

foreclosure sale.)

## 5.   PLAINTIFF'S 17200 CLAIM IS NOT LINKED TO ANY WRONGFUL CONDUCT

### A.   Plaintiff Failed To Plead The Required Elements.

An Unfair Competition Law ("UCL") claim requires the pleading of some business practice that is forbidden by law, with particular facts showing ongoing unlawful, unfair, and fraudulent business acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

The "unlawful" prong borrows statutory or constitutional claims from elsewhere. *Melegrito v. CitiMortgage Inc.*, 2011 U.S. Dist. LEXIS 60447 at * 24 (N.D. Cal. June 6, 2011).  "A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." *Ingels v. Westwood One Broadcasting Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (citations omitted).

Plaintiff's second claim for relief is devoid of a recognizable allegation that Wells Fargo's actions were unlawful.  Instead, it appears that plaintiff contends that Wells Fargo failed to comply with the former California Civil Code § 2923.5 and California Civil Code § 1985.25. (FAC, ¶¶ 26 and 27.)  However, as conclusively established in Sections 4 and 10, the claims plaintiff attempts to borrow are not actionable.

The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  As explained in *Cel-Tech,* the "unfair" prong applies to business practices that offend an established "public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* at 184

1   (citations omitted).  Furthermore, the "unfair" business practice must be "tethered"

2   to a constitutional provision, statute or regulation. *Id.* at 185.

3       Once again, other than general allegations, plaintiff appears to link the

4   "unfair" prong to the alleged violations of former California Civil Code § 2923.5

5   and California Civil Code § 1985.25.  However, as conclusively established in this

6   motion, plaintiff's claims are not actionable, and therefore they cannot support the

7   "unfair" prong of Section 17200.

8       The "fraudulent" prong, post-enactment of Proposition 64, applies where a

9   business act or practice actually misleads a plaintiff. *See Hall v. Time, Inc.*, 158

10  Cal. App. 4th 847, 849 (2008).  It must be shown that members of the public "are

11  likely to be deceived." *Saunders v. Superior Court,* 27 Cal. App. 4th 832, 839

12  (1994).  Further, a plaintiff "must plead a claim for fraudulent behavior under the

13  UCL with particularity as required by Rule 9(b)." *Martinez v. Welk Group, Inc.*,

14  2011 U.S. Dist. LEXIS 58718, at *22 (S.D. Cal. June 2, 2011) (Citing *Kearns v.*

15  *Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).  Plaintiff has not advanced

16  a fraud cause of action.

17  **B.    Plaintiff Lack Standing To Assert An Unfair Competition Claim.**

18      Notably, a "[P]rivate person has no standing under the UCL unless that

19  person can establish that the injury suffered and the loss of property or money

20  resulted from conduct that fits within one of the categories of 'unfair competition'.

21  . ." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007).  Plaintiff has not

22  alleged, nor has he suffered, an injury in fact or lost money or property as a result

23  of Wells Fargo's alleged unfair competition or unfair business practices.  There is

24  an absence of any causation of actual loss. *See Hall v. Time, Inc.*, 158 Cal. App.

25  4th 847, 856 (2008).  If plaintiff suffered any loss it was *not* caused by Wells

26  Fargo's alleged conduct.

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 6.   THE IMPLIED COVENANT CANNOT MODIFY THE PARTIES' CONTRACTUAL TERMS

Plaintiff asserts that Wells Fargo "willfully breached their [sic] Implied Covenant of Good Faith and Fair Dealing with Plaintiff when they [sic] denied Plaintiff the ability and opportunity to pay the monthly mortgage payment, after having been made aware of the fact that Plaintiff's [sic] had suffered significant economic hardship." (FAC, ¶ 37.)[5]

### A.   The Implied Covenant Cannot Vary the Parties' Agreement Or Create New Terms.

It is well-settled that the implied covenant cannot vary the terms of the parties' agreement. *Carma Developers, Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 374 (1992); *Viko Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th 55, 70 (1999).  Here, plaintiff is apparently trying to use the implied covenant to require Wells Fargo to modify the loan.

The express terms of the deed of trust provide the circumstances under which the lender may pursue its foreclosure rights.  The deed of trust further provides that "[t]his Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender." (RJN, Ex. A ¶ 23.)  Simply put, the implied covenant cannot be used to force a loan modification. *State Farm Mutual Automobile Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434, 453 (2003) (despite the implied covenant, parties are entitled to enforce the terms of negotiated contracts to the letter).

---

[5]      Given the concessions in his bankruptcy filings that he defaulted on the loan, it appears that plaintiff is actually alleging that Wells Fargo's unwillingness to modify the loan, resulted in his inability to remit his loan payments – as opposed to alleging that Wells Fargo refused to accept his loan payments.

### 7.   PLAINTIFF'S FOURTH CLAIM FOR RELIEF MUST FALL BECAUSE THERE IS NO RIGHT TO A LOAN MODIFICATION UNDER CALIFORNIA CIVIL CODE §2923.6

By way of his fourth cause of action, plaintiff claims that Wells Fargo violated California Civil Code § 2923.6(a), because "modifying Plaintiff's loan would have been in the best interests of all parties as both prongs of the test were met by Plaintiff's financials submitted to Defendant in their [sic] home loan modification packet." (FAC, ¶ 50.)

Contrary to plaintiff's belief, he has no right to a loan modification under any codified laws. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222-223 (2010) (holding that there is no right to a loan modification under Civ. Code §§ 2923.5 or 2923.6; "As mentioned above, there is no right, for example, under [Civil Code Section 2923.5], to a loan modification."); *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal., June 30, 2010) ("lenders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower"); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at **6-7 (S.D. Cal., Mar. 15, 2010) ("[T]he HAMP agreement did not require loan servicers to modify eligible loans; thus, the court found borrowers lacked standing to enforce the agreement."); *Farner v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 5303, at *2 (S.D. Cal. Jan. 26, 2009) ("nothing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans").

California Civil Code § 2923.4 expressly holds that it imposes no binding obligations on lenders to modify defaulted loans (while "borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any…[n]othing in the act…shall be interpreted to require a particular result of that process.").  Simply put, plaintiff's contention that Wells Fargo was obligated to modify his loan is a misstatement of the law.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**8.**   **PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT FAILS BECAUSE FORECLOSING ON A MORTGAGE IS NOT THE COLLECTION OF A DEBT**

Plaintiff's sixth claim for relief alleges a violation of California Civil Code § 1788.17, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Contrary to plaintiff's contention, the RFDCPA does not apply to non-judicial foreclosures. *See, e.g., Lal v. Am. Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010)("This Court finds that the RFDCPA does in fact mirror in the FDCPA, their intentions were the same and exclusive, and, as such, a loan servicer is not a debt collector under these acts."); *Nool v. Homeq Servicing*, 653 F.Supp.2d 1047, 1053 (E.D. Cal. 2009)("The absence of a violation of FDCPA results in failure of Plaintiff's California RFDCPA claim, as the scope of California's law mirrors the federal statute.").

As a matter of law, a non-judicial foreclosure is not "debt collection" within the meaning of either the state or federal FDCPA. *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); *Ines v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 21016, at * 11 (S.D. Cal. Mar. 12, 2009).

**9.**   **THE FAIR DEBT COLLECTION PRACTICES ACT CLAIM FAILS BECAUSE WELLS FARGO IS NOT A DEBT COLLECTOR AND PLAINTIFF DEFAULTED ON THE LOAN**

**A.**   **Wells Fargo is not a debt collector.**

Pursuant to the FDCPA, the term "debt collector" is defined as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another...." 15 U.S.C. § 1692a(6) (emphasis added). Thus, Wells Fargo is not a 'debt collector' within the meaning of the FDCPA because it attempted to collect its own debt. *Valdez v. America's*

*Wholesale Lender*, 2009 U.S. Dist. LEXIS 118241, at ** 25-26 (N.D. Cal. Dec. 18, 2009) (defendant mortgage company efforts to collect its own debt does not make defendant a 'debt collector' under the FDCPA); *Jelsing v. MIT Lending*, 2010 U.S. Dist. Lexis 68515, at ** 14-15 (S.D. Cal. July 9, 2010) ("Plaintiffs have not alleged that Wells Fargo is a debt collector.  Wells Fargo is a mortgage servicer, and [a] mortgage servicing company is not a debt collector within the meaning of the FDCPA); *Rowe v. Educ. Credit Mgmt. Corp.,* 559 F.3d 1028, 1031 (9th Cir. 2009) ('a 'creditor' is not a 'debt collector' under the FDCPA'").

Additionally, "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Izenberg v. ETS Servs., LLC,* 589 F.Supp.2d at 1199 (citing *Ines v. Countrywide Home Loans,* 2008 U.S. Dist. LEXIS 88739, at * 2 (S.D. Cal. Nov. 3, 2008)).  "Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. . .  Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor. *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002); *Ricon v. Recontrust Co.*, 2009 U.S. Dist. LEXIS 67807 at *3 (S.D. Cal. Aug. 4, 2009) ("Foreclosing on a deed of trust does not invoke the statutory protections of the Rosenthal Act").

**B.**     **Plaintiff defaulted on the loan.**

Much of the body of his seventh claim for relief is devoting to summarizing the FDCPA. (FAC, ¶¶ 72-75.)  After a somewhat lengthy summary, plaintiff concluded that Wells Fargo "falsely reported to several credit bureaus that he was in default of [sic] the loan." (FAC, p. 15:23-24.)  As indicated above, in his proposed Chapter 13 plan, plaintiff acknowledged mortgage arrearages in the sizeable sum of $58,500. (RJN, Ex. I, p. 5.)  In his amended proposed Chapter 13 plan, he once again acknowledged mortgage arrearages. (RJN, Ex. J, p. 5.)  Given that concession, it unclear why plaintiff contends false reporting occurred.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

10.  **THE COURT SHOULD DISMISS THE EIGHTH CLAIM BECAUSE PLAINTIFF FAILS TO ALLEGE THAT WELLS FARGO KNOWINGLY REPORTED INCOMPLETE OR INACCURATE INFORMATION AND THE CLAIM IS PREEMPTED BY FEDERAL LAW**

Plaintiff's eighth claim regarding purportedly improper credit reporting is premised on California Civil Code § 1785.25(a).  Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Missing from plaintiff's charge is a credible allegation that Wells Fargo knew or should have known that the information it was providing was incomplete or inaccurate.  *See also, Kilcullen v. Select Portfolio Servicing, Inc.*, 2012 U.S. Dist. LEXIS 66478 at * 9 (S.D. Cal. May 9, 2012)("Plaintiff's claim under § 1785.25(a) fails because Plaintiff has not alleged any facts showing that SPS knew or should have known that the information it was providing was incomplete or inaccurate."); *O'Connor v. Wells Fargo, N.A.*, 2014 U.S. Dist. LEXIS 136451, at * 21 (N.D. Cal. Sept. 26, 2014)("Yet the FAC contains no factual allegations in support of this claim. Instead, Plaintiff simply recites the statutory language of Section 1785.25(a)-(c) and (f).  The claim is thus patently insufficient, as it is devoid of facts regarding Wells Fargo's conduct, including what information it furnished, to whom, when, and how it was inaccurate.")

Here, similar to his claim premised on the FDCPA, plaintiff is essentially alleging that he was not in default on the subject loan.  As thoroughly briefed above, plaintiff conceded in his bankruptcy filings that he defaulted on the loan.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Despite couching the eighth claim of relief in terms of California Civil Code

2    § 1785.25(a), in his prayer for relief, plaintiff requests "[d]amages and attorney's

3    fees for Violation of California Civil Code § 1785.25(c)." (FAC, p. 17:9-10.)  Civil

4    Code § 1785.25(c) is preempted by federal law. *Carvalho v. Equifax Info. Servs.,*

5    *LLC*, 629 F.3d 876, 888 (9th Cir. Cal. 2010)(holding that "section 1785.25(a) is the

6    only substantive CCRAA furnisher provision specifically saved by the FCRA . .

7    ."); *Wang v. Asset Acceptance, LLC*, 681 F.Supp.2d 1143, 1148 (N.D. Cal.

8    2010)("Since Wang's claim, when properly construed, arises under section

9    1785.25(c) of the CCRAA, and since this provision is preempted by the FCRA, the

10    Court must dismiss Wang's second cause of action."); *Duenas v. Nordstrom FSB*,

11    2012 U.S. Dist. LEXIS 149491 at ** 14-15 (C.D. Cal. Sept. 13, 2012).

## 11.  <u>CONCLUSION</u>

13    For each of the foregoing reasons, Wells Fargo respectfully requests that this

14    Court dismiss the FAC in its entirety without leave to amend.

16                                        Respectfully submitted,

17    Dated:  January 8, 2015              ANGLIN, FLEWELLING, RASMUSSEN,
18                                                CAMPBELL & TRYTTEN LLP

19                                        By:  ____/s/ O. Andrew Wheaton____
20                                              O. Andrew Wheaton
21                                        Attorneys for Defendant
         WELLS FARGO BANK, N.A., successor
22    by merger with Wells Fargo Bank
         Southwest, N.A., f/k/a Wachovia Mortgage,
23    FSB, f/k/a World Savings Bank, FSB
         ("Wells Fargo")

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for*

Julie J. Moradi-Lopes
Rene J. Dupart
Oak Tree Law
10900 183rd Street, Suite 270
Cerritos, CA  90703

Telephone (562) 356-9957
Facsimile (800) 976-4187
rene@oaktreelaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on January 8, 2015.

| Kimberly Wooten | /s/ Kimberly Wooten |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO. 8:14-CV-02069-CJC-RNB:
CERTIFICATE OF SERVICE